USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/11/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL V. CORTEZ,

                          Plaintiff,

-against-

GOVERNOR ANDREW M. CUOMO;
ACTING COMMISSIONER ANTHONY J.
ANNUCCI; ACTING SUPERINTENDENT
JAMES JOHNSON; JEFF MCCOY, Deputy
Commissioner of Programs; JAMES
O'GORMAN; MARILYN KOPP, Dep.
Superintendent of Programs,

                          Defendants.

21-CV-0126 (NSR)

ORDER OF SERVICE

NELSON STEPHEN ROMÁN, United States District Judge:

      Plaintiff, currently incarcerated at Green Haven Correctional Facility (Green Haven) in the custody of the New York State Department of Corrections and Community Supervision (DOCCS), brings this action *pro se*. He asserts claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc, and First Amendment claims under 42 U.S.C. § 1983, in connection with the suspension of congregate religious services at Green Haven. By order dated January 8, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

## DISCUSSION

      Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants DOCCS Acting Commissioner Anthony J. Annucci, DOCCS Deputy Commissioner for Programs Jeff McCoy, DOCCS Deputy Commissioner for Correctional Facilities James O'Gorman, Governor Andrew M. Cuomo, Green Haven Superintendent James Johnson, and Green Haven Deputy Superintendent of Programs Marilyn Kopp through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Defendants Annucci, Cuomo, Johnson, Kopp, McCoy, and O'Gorman and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 11, 2021
         White Plains, New York

NELSON STEPHEN ROMÁN
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. Anthony J. Annucci
   DOCCS Acting Commissioner
   DOCCS, Bldg 2., State Campus
   Albany, New York 12226-2050

2. Governor Andrew M. Cuomo
   New York State Office of the Attorney General
   28 Liberty Street, 15th Floor
   New York, NY 10005

3. James Johnson
   Green Haven Superintendent
   Green Haven Correctional Facility
   594 Rt. 216
   Stormville, NY 12582-0010

4. Marilyn Kopp
   Green Haven Deputy Superintendent of Programs
   Green Haven Correctional Facility
   594 Rt. 216
   Stormville, NY 12582-0010

5. Jeff McCoy
   DOCCS Deputy Commissioner for Programs
   DOCCS, Bldg 2., State Campus
   Albany, New York 12226-2050

6. James O'Gorman
   DOCCS Deputy Commissioner for Correctional Facilities
   DOCCS, Bldg 2., State Campus
   Albany, New York 12226-2050